IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                          CAUSE NO. 1:16CR2-LG-RHW-2

ALLEN BRICE

### ORDER DENYING DEFENDANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND MOTIONS FOR NEW TRIAL

**BEFORE THE COURT** are the Motions for Judgment of Acquittal or Alternatively, Motions for New Trial [55, 56] filed by the defendant Allen Brice. The Government has filed a response in opposition to the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motions should be denied.

### DISCUSSION

On January 26, 2017, a jury convicted Brice of seven counts of tax preparer fraud. In support of his Motions, Brice argues: (1) that the Court erred when it denied his Motion for Judgment of Acquittal at the close of the Government's case in chief; (2) that the Court erred when it "overruled the defendant['s] objections throughout the trial as reflected in the transcript"; (3) that the Court erred when it "allowed the [G]overnment to constructively amend the indictment by virtue of the jury instructions that allowed the jury to convict in the disjunctive rather than the conjunctive;" (4) that the Government failed to inform Brice of errors in a transcript of an audio recording taken by an undercover agent; (5) that a technical error caused the undercover audio to sound distorted while he was cross-examining the witness; (6) that defense counsel's credibility was damaged by bench conferences;

and (7) that the Government utilized a copy of a video exhibit rather than the original. (Def.'s Mot., ECF No. 56).

## I. BRICE'S MOTIONS FOR JUDGMENT OF ACQUITTAL

A motion for a judgment of acquittal filed pursuant to Fed. R. Crim. P. 29 is essentially a motion challenging the sufficiency of the evidence to support a criminal conviction. *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007).

> [O]ur review of the sufficiency of the evidence is highly deferential to the verdict. The jury's verdict will be affirmed unless no rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt. In reviewing the evidence presented at trial, we draw all reasonable inferences in favor of the jury's verdict.

*United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014) (internal quotation marks and footnotes omitted).

In his current Motion, Brice merely argues that the Court erred in failing to grant his Motion for Judgment of Acquittal that was made during the trial. He has not attempted to explain how the Government's evidence may have been deficient.

Brice was charged with seven counts of tax preparer fraud in violation of 26 U.S.C. § 7206(2), which makes it a crime for anyone to willfully aid or assist in the preparation of a document, under the internal revenue laws, that is false or fraudulent as to any material matter. The Court instructed the jury that it could only find Brice guilty of any of those charges if the Government proved each of the following elements beyond a reasonable doubt:

>First, that the defendant aided in, assisted in, or advised the preparation of a return arising under the internal revenue laws;
>
>Second, that this return falsely or fraudulently stated income, deductions, or tax credits;
>
>Third, that the defendant knew that the statement in the return was false or fraudulent;
>
>Fourth, that the false or fraudulent statement was material; and
>
>Fifth, that the defendant aided in, assisted in, or advised the preparation of this false or fraudulent statement willfully, that is, with intent to violate a known legal duty.

The victims of each of the seven counts testified at trial that they met with Brice for the preparation of their tax returns. They further testified that their tax returns contained false information and that they did not authorize Brice to place the fraudulent information on their tax returns. Two undercover agents from the Internal Revenue Service also gave similar testimony regarding their meetings with Brice. The Internal Revenue Service case agent also testified that the fraudulent information was material in that it directly affected the amount of the tax refunds received by the victims. The cumulative effect of all of the testimony and evidence presented could have led a rational jury to find that Brice acted willfully when he prepared or assisted in the preparation of the fraudulent tax returns. As a result, there was more than sufficient evidence to support the jury's guilty verdict as to all seven counts.

## II. BRICE'S MOTIONS FOR A NEW TRIAL

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Generally, motions for new trial are disfavored and must be reviewed with great caution." *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004).

Brice first argues that the Court overruled objections that his attorney made at trial. However, he has not identified which objections were allegedly overruled in error or provided any additional explanation. As a result, this argument is not grounds for granting Brice a new trial.

Brice next argues that the Court erred when it "allowed the [G]overnment to constructively amend the indictment by virtue of the jury instructions that allowed the jury to convict in the disjunctive rather than the conjunctive." (Def.'s Mot. at 5, ECF No. 56). For example, the indictment charged that Brice "did willfully aid *and* assist in, and procure, counsel, *and* advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Return, Form 1040." (Indictment at 3-6, ECF No. 3) (emphasis added). The jury instructions, in accordance with the applicable statute, required the jury to consider whether "the defendant aided in, assisted in, *or* advised the preparation of a return arising under the internal revenue laws." (Jury Instructions) (emphasis added); *see also* 26 U.S.C. § 7206(2). Brice argues that the Government's failure to file a motion to amend the indictment prior to trial prejudiced him, because he formulated his defense based

on the assumption that the elements of the offenses charged would be presented to the jury in the conjunctive.

The Fifth Circuit has held that "[i]t is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Holley,* 831 F.3d 322, 328 n.14 (5th Cir. 2016) (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980)). "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, as [defendant's] indictment did, the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Id.* Brice's argument is refuted by this well-established precedent. Furthermore, as the Government correctly noted, counsel for Brice was well aware of this precedent and could not have been deceived by the language in the indictment, because his previous attempt to raise this argument was rejected by this Court a few weeks prior to trial. *See United States v. Bennett*, No. 1:15cr60-HSO-JCG, 2017 WL 75765, at *11 (S.D. Miss. Jan. 6, 2017).

Brice also asserts that he was prejudiced by errors that were contained in a transcript of an audio recording prepared by the Government. Before the transcript at issue was presented to the jury, the Court confirmed with counsel for Brice that there was no objection to the transcript and gave the following instruction to the jury:

> You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard, and from your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of their own contents;

   and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent. It is what you hear on the tape or video that is evidence, not the transcripts.

Furthermore, after the error in the transcript was revealed, the Court gave counsel for the defendant additional time to review the audio and, if necessary, prepare his own transcript before continuing his cross-examination of the witness who made the recording. Finally, Brice has not demonstrated how the error, which concerned some small talk between Brice and the undercover agent, prejudiced him.

  Brice next argued that an alleged technical problem occurred while counsel for Brice was playing an audio recording made by an undercover agent. After Brice's attorney expressed dissatisfaction with the sound quality[1] of the audio playing from his computer, the Court gave Brice's attorney the opportunity to conclude his cross-examination the following day. His attorney replayed the audio the following day with no reported problems; thus, he has not identified any prejudice caused by the alleged technical problem.

  Brice also argues that his attorney's credibility was damaged because he was called to the bench for conferences. He further claims that "the judge became visibly disturbed and upset with defense counsel" and that "the judge . . . express[ed] frustration" with defense counsel prior to the conferences. (Def.'s Mot. at 4, ECF No. 56). However, the bench conferences referenced by Brice were conducted out of the jury's hearing. Furthermore, while the Court disputes defense counsel's characterization of these events, the jury was properly instructed that it

---

[1] Neither the Court nor the jury heard any problem with the audio.

should not assume from anything that the Judge may have done or said during the trial that the Judge has any opinion concerning any of the issues in this case. The jury was further instructed to disregard anything that the Judge may have said during the trial, aside from the instructions on the law, while arriving at its own verdict. Thus, Brice has not demonstrated that he was prejudiced by the bench conferences.

Finally, Brice argues that the Government utilized a copy of a video exhibit rather than the original exhibit. He has not alleged that he was harmed by the use of the exhibit. In fact, Brice's attorney utilized the additional video included in the exhibit while cross-examining a witness. Therefore, this argument is likewise without merit.

None of the arguments Brice has presented, separately or cumulatively, demonstrate that he was subjected to a miscarriage of justice or that "the weight of the evidence preponderates against the verdict." *See Wall*, 389 F.3d at 466. As a result, he has not demonstrated that this is one of the exceptional cases in which a new trial should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motions for Judgment of Acquittal or Alternatively, Motion for New Trial [55, 56] filed by the defendant Allen Brice are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE