IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                                              **CAUSE NO. 1:16CR2-LG-RHW-2**

**ALLEN BRICE**

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR RELEASE FROM CUSTODY AND TO REMAIN ON BOND

**BEFORE THE COURT** is the Renewed Motion for Release from Custody and to Remain on Bond [73] filed by the defendant Allen Brice. The Government has filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Brice's Motion should be denied.

## BACKGROUND

On January 26, 2017, a jury convicted Brice of seven counts of tax preparer fraud, and he was remanded to the custody of the United States Marshals Service. Brice filed a Motion for Bond Pending Sentencing, Pending a Bureau of Prisons Reporting Date, and Pending Appeal. He also filed a Motion for New Trial or in the alternative for a Judgment of Acquittal. This Court conducted a hearing on February 16, 2017, concerning Brice's Motion for Bond and determined that the Motion should be denied. The Court denied Brice's Motion for a New Trial or for a Judgment of Acquittal on February 23, 2017. The Court sentenced Brice to sixty-three months imprisonment and one year of supervised release. Brice was once again remanded to the custody of the United States Marshals Service.

## DISCUSSION

18 U.S.C. § 3143(b) provides that a person who has been found guilty of an offense, has been sentenced to a term of imprisonment, and has filed an appeal should be detained pending the appeal unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Brice argues that he is not likely to flee or pose a danger to the community, and it appears that the Government does not contest this assertion. Therefore, it is only necessary to consider whether Brice raises a substantial question of law or fact on appeal that is likely to result in reversal, a new trial, or a reduced sentence.

On appeal, Brice claims that the Government was allowed to constructively amend the indictment via the jury instructions, such that the jury was allowed to convict Brice "without the necessity [of] having to find him guilty of each and every material element in the indictment, beyond a reasonable doubt." (Def.'s Mot. at 7, ECF No. 73).[1] For example, the indictment charged that Brice "did willfully aid *and* assist in, and procure, counsel, *and* advise the preparation and presentation to the Internal

---

[1] Brice also argues that he "submitted more objections on the record, which are referenced in the port-trial motion for a judgment of acquittal and new trial and therefore, the constructive amendment issues is [sic] only one of the issues to be considered." (Def.'s Mot. at 12, ECF No. 73). Brice provides no further explanation of how these unspecified issues would result in reversal, a new trial, or a reduced sentence on appeal. Furthermore, the Court previously addressed and rejected these objections in its Order [66] denying Brice's Motion for a New Trial or Judgment of Acquittal.

Revenue Service, of U.S. Individual Income Tax Return, Form 1040." (Indictment at 3-6, ECF No. 3) (emphasis added). The jury instructions, in accordance with the applicable statute, required the jury to consider whether "the defendant aided in, assisted in, *or* advised the preparation of a return arising under the internal revenue laws." (Jury Instructions) (emphasis added); *see also* 26 U.S.C. § 7206(2). As this Court previously explained in its Order [66] denying Brice's Motion for New Trial or Judgment of Acquittal, Brice's argument is refuted by Fifth Circuit precedent. *See United States v. Holley,* 831 F.3d 322, 328 n.14 (5th Cir. 2016) ("It is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively.") As a result, Brice's appeal does not raise a substantial question of law or fact on appeal that is likely to result in reversal, a new trial, or a reduced sentence. Therefore, his Motion for Bond Pending Appeal must be denied.

The Court further finds that Brice's Motion for Release Pending a Bureau of Prisons Reporting Date should be denied, because Brice is already in custody and there is no Bureau of Prisons Reporting Date. Furthermore, since Brice has not demonstrated that he should be released from custody, there is no reason to release him and then set a Bureau of Prisons Reporting Date.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Renewed Motion for Release from Custody and to Remain on Bond [73] filed by the defendant Allen Brice is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of April, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge
