IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                  **CAUSE NO. 1:16CR2-LG-RHW-2**

**ALLEN BRICE**

**and**

**DISMAS CHARITIES
PROPERTIES, INC., DISMAS
CHARITIES, INC., and DISMAS
EMPLOYEES "A" & "B"**                                        **GARNISHEE**

## ORDER DENYING MOTION TO VACATE OR SET ASIDE ORDER

**BEFORE THE COURT** is the [139] Motion to Vacate or Set Aside Order filed by the undersigned attorney for Defendant Allen Brice, namely, Mr. Brigg H. Austin. Mr. Austin filed the instant Motion claiming that he is contractually entitled to attorney's fees in the amount of $10,009.92 for an unrelated personal injury settlement in which Defendant was the plaintiff. Thus, he objects to this amount having been included in the Writ of Garnishment in the instant case. The Government objects to Mr. Austin's Motion, arguing that his claims are untimely under 28 U.S.C. § 3205(c)(5), (7). Mr. Austin did not file a reply.

The underlying criminal case stems from a jury trial on January 23-26, 2017, wherein Defendant was convicted of seven counts of aiding and assisting in the preparation and presentation of a false tax return. He was sentenced to 63 months' imprisonment with a total restitution in the amount of $1,914,640.37.

On December 7, 2021, the Government filed an [133] Application for Writ of Garnishment as to the assets of Defendant held by Dismas Charities Properties, Inc., Dismas Charities, Inc., and Dismas Employees "A" & "B", collectively known as the Garnishee in these proceedings. On December 10, 2021, the [134] Clerk's Notice and [135] Writ of Garnishment were issued by the Clerk of Court. Service of these documents were delivered to Mr. Austin at the law firm of Morris Bart, LLC, in Gulfport, Mississippi. (*See* Ex. A, ECF No. 140-1). Thereafter, on December 22, 2021, the Garnishee filed its [136] Answer to the Writ of Garnishment. There is no return receipt in the record regarding whether Mr. Austin received delivery of the Answer. Nonetheless, the Answer's Certificate of Service attests that Mr. Austin received service at his office in Gulfport, Mississippi. (*See* Answer, at 4, ECF No. 136). The record reflects that Mr. Austin has not filed a Notice of Appearance in the instant criminal matter.

Under 28 U.S.C. § 3205(a), "[a] court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." Once an answer has been filed to the writ of garnishment, a party must "file a written objection to the answer and request a hearing" within 20 days. 28 U.S.C. § 3205(c)(5). Once the answer has been filed, and no hearing is requested within the statutory time period, the court "shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." *Id.* § 3205(c)(7).

Here, the Garnishee filed an Answer on December 22, 2021. Mr. Austin did not object to the Answer. Instead, he waited until January 31, 2022, to file his Motion—almost two weeks after the statutory deadline to file a written objection. *See id.* § 3205(c)(5). The Court recognizes that there are certain private interests that take priority over a judgment lien held by the Government in a criminal case, such as attorney's fees. *See* 26 U.S.C. § 6323(b)(8). However, even then, Mr. Austin failed to provide the Court with an invoice of fees, accounting of such fees, or any other documentary evidence that would signify "reasonable compensation." *Id.*

Mr. Austin's claim for attorney's fees is untimely. Mr. Austin was provided notice of the Writ of Garnishment and Answer to the Writ of Garnishment in this case. (*See* Ex. A, ECF No. 140-1; *see also* Cert. of Service, at 4, ECF No. 136). It was Mr. Austin's duty to manage his affairs and submit a written objection within 20 days. *See Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (discussing the duty of an attorney to manage his case); *see also Trevino v. City of Ft. Worth*, 944 F.3d 567, 571 (5th Cir. 2019 (footnote and quotation marks omitted) (a party has the "duty of diligence to inquire about the status of their case"). Therefore, the Court finds that Mr. Austin's claim for attorney's fees is time-barred. The Motion to Vacate or Set Aside Order is hereby denied. *See, e.g., United States v. First Bank & Tr. East Tex.*, No. 1:06-MC-14, 2007 WL 1091021, at *2 (E.D. La. Apr. 9, 2007) (finding new claims for exemptions filed two months after expiration of deadline were time-barred under § 3205(c)(5)).

-4-

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [139] Motion to Vacate or Set Aside Order filed by the undersigned attorney for Defendant Allen Brice, namely, Mr. Brigg H. Austin, is **DENIED** as untimely.

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE